UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――
MOHAMMAD KAMEL ALAWADI, *et al.*,

                    Plaintiffs,

            -v-

RENA BITTER, *et al.*,

                    Defendants.
―――――――――――――――――――――――――――――

22-CV-5256 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    On June 22, 2022, Plaintiffs Mohammad Kamel Alawadi and Majd Mohammad Kamel Alawadi ("Plaintiffs") brought this mandamus action under the Administrative Procedure Act (APA) seeking an order compelling the United States Department of State ("State Department") to adjudicate a visa application. (ECF No. 2 ¶ 16.) On September 29, 2022, Assistant Secretary for Consular Affairs Rena Bitter, Acting Deputy Assistant Secretary of Visa Services Julie M. Stufft, Secretary of State Anthony J. Blinken, the Federal Bureau of Investigations ("FBI"), and FBI Director Christopher Wray (together, the "Government") moved to dismiss, *inter alia*, under Federal Rule of Civil Procedure 12(b)(1) "because the consular office has already adjudicated the visa application at issue" and, therefore, this "action is moot." (ECF No. 14 at 7.) Plaintiffs did not oppose the motion within the required two weeks, nor for many months thereafter.

    The Court, first on May 24, 2023 (ECF No. 17) and then again on June 8, 2023 (ECF No. 19) reminded Plaintiffs and instructed them that failure to respond to the Government's motion would result in its "being deemed unopposed and this action being dismissed" lest Plaintiffs file opposition by the close of business on June 6, 2023. (*Id.*) But Plaintiffs still have not responded to the Government's motion to dismiss.

As a result, Plaintiffs are deemed not to oppose that their claims are moot. Plaintiffs do not contest the factual claim, supported with citations to the record substantiated by documentary evidence, that the visa petition at issue in the mandamus petition has been adjudicated by the State Department as of September 28, 2022. (*See* ECF No. 14-1 ("Def. Ex. 1") at 2.) Indeed, the Government produced, nearly one year ago appended to its motion to dismiss, specific evidence of the processing of the visa application in question. (*Id.*)

When seeking visa mandamus, adjudication moots a case, mandating dismissal. *See Silva v. U.S.C.I.S.*, 2015 WL 2330304, at *3 (S.D.N.Y. March 26, 2015) ("In the immigration . . . context, courts . . . dismiss[] cases as moot where the executive agency to which the plaintiff has applied grants the relief sought in the complaint prior to the court's adjudication." (internal citations omitted)). Given Plaintiffs' failure to oppose, the Court holds that "the [visa] petitions have inarguably been adjudicated[, ]even if the result of that adjudication has not what Plaintiffs would have preferred," which means "these claims are moot and must be dismissed." *Altowaiti v. Cissna*, 2020 WL 2036703, at *4 (S.D.N.Y. April 28, 2020).

For the foregoing reasons, the Government's Motion to Dismiss is GRANTED. This case is DISMISSED. The Clerk of the Court is respectfully directed to close the Docket Entry at ECF Number 17 and further respectfully directed to close this case.

      SO ORDERED.

Dated: June 16, 2023
       New York, New York

                                        _____
                                            J. PAUL OETKEN
                                            United States District Judge